# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SOR VANG,

    Defendant.

Case No. 21-CR-242-JPS

**ORDER**

1. **INTRODUCTION**

  In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited Apr. 17, 2024). Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the nine specified aggravating factors (the "Zero-Point Offender Amendment"). U.S.S.G. § 4C1.1(a). In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA]

(last visited Apr. 17, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In November 2023, Defendant Sor Vang ("Defendant") filed a motion to reduce his term of imprisonment based on this retroactive provision of Amendment 821. ECF No. 47. For the reasons stated below, the Court finds Defendant is not eligible for a sentence reduction under Amendment 821 and must deny Defendant's motion.

## 2. BACKGROUND

Defendant pleaded guilty to, and was formally adjudicated guilty of, a single count of possession with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF Nos. 28, 33. In November 2022, Defendant appeared before the Court for sentencing. ECF No. 39. For sentencing purposes, and pursuant to its finding that Defendant qualified for the safety valve provision, Probation ultimately calculated the applicable Guidelines as follows:

> Total Offense Level: 27
> Criminal History Category: I
> 70 to 87 months of imprisonment

*Id.* at 2. Defendant was ultimately sentenced to a term of thirty four (34) months of imprisonment to be followed by a three-year term of supervised release. *Id.* at 3; ECF No. 40 (judgment). Defendant is scheduled to be released from custody and into his term of supervised release in April 2025. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 17, 2024).

3. **LEGAL STANDARD**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s). U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

4. **ANALYSIS**

Defendant does not fall within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Zero-Point Offender Amendment. As noted above, the Zero-Point Offender

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

Amendment permits a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the enumerated aggravating factors. U.S.S.G. § 4C1.1(a). While Defendant did not have any criminal history points, his offense involved a firearm. ECF No. 35 at 6, 8, 10 (presentence investigation report). Accordingly, he is not eligible for a sentence reduction. U.S.S.G. § 4C1.1(a)(7).

5.  **CONCLUSION**

For the reasons stated above, the Court declines to reduce Defendant's sentence under Amendment 821. In the months remaining until his release, the Court encourages Defendant to focus his efforts on taking advantage of the rehabilitative and educational opportunities available to him in the prison setting.

Accordingly,

**IT IS ORDERED** that Defendant Sor Vang's motion to reduce his term of imprisonment pursuant to the 2023 Amendments to the United States Sentencing Guidelines, ECF No. 47, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge